WILKINSON, Circuit Judge,
concurring:
I am happy to concur in Judge Agee’s fíne opinion for the court. I write briefly to emphasize the need for some outer boundary in the interpretation of the “particular social group”' prong of the asylum statute. 8 U.S.C § 1101(a)(42)(A).
In Matter of L-E-A-, the Board of Immigration Appeals (“BIA”) emphasized that “the fact that a persecutor has threatened an applicant and members of his family does not necessarily mean that the threats were motivated by family ties.” 27 I. & N. Dec. 40, 45 (BIA 2017). “[N]exus is not established simply because a particular ‘social group of family members exists and the family members experience harm.” Id. Moreover, “the fact that a persecutor targets a family member simply as a means to an end is not, by itself, sufficient to establish a claim, especially if the end is not ' connected to another protected ground.” Id. If inflicting harm on family' members is not an independent end, per-petuáted “because of an animus against the family,” then we must look to “the reasons that generate the dispute.” Id. at 44-45. “[Tjhe scope of the motive inquiry necessarily encompasses the context in which a family member is identified for harm and how that relates to the interest in the applicant.” Id. at 46 n.5.
The analysis of “particular social group” in the asylum statute is at risk of lacking rigor. I understand that many of the alleged persecutions present heart-rending situations, and I respect the impulse, shared by us all, simply to do something to help someone out. The protected characteristics, 8 U.S.C § 1101(a)(42)(A), however, are for the most part precisely defined. Had Congress intended “membership in a particular social group” to be some omnibus catch-all, it would be odd to find its placement not at the end of a series, but sandwiched between more-sharply etched criteria. I fear judicial interpretations of this, statute may outstrip anything Congress intended.
To extend the concept of persecution on account of a “particular social group” to the kind of intra-familial disputes at issue here would, as Judge Agee notes,- render the asylum statute unrecognizable. The concept of a “particular social group” must be understood in the context of the other statutory grounds for asylum protection. Matter of M-E-V-G-, 26 I. & N. Dec. at 230 (“Consistent with the interpretive canon -ejusdem- generis,’ the proper interpretation of the phrasé can only be achieved when it is compared with the other enumerated grounds of persecution (race, religion, nationality, and political opinion), and when it is considered within the ovéi-all framework of refugee protection.”). None of the other statutory grounds for asylum creates protected classes of only two or three people. To the contrary, asylum was intended to protect specific segments of the population who are marginalized or subjected to social stigma and prejudice. Families, of course, may suffer hardships, but they are less likely candidates for' the kind of targeted racial, ethnic, religious, and political prejudice with which the asylum statute'is chiefly concerned.
Moreover, particularity requires “a clear benchmark for determining who falls within the group,” Matter of M-E-V-G-, 26 I. & N. Dec. at 239. In other words, a proposed social group must be “described in sufficiently distinct terms that it would be recognized, in’ the society in question, as a discrete class, of persons.” Matter of W-G-R-, 26 I. & N. Dec. 208, 214 (BIA-2014) (internal quotation marks omitted). Partic *199 ular social groups cannot be “amorphous, overbroad, diffuse, or subjective.” Matter of M-E-V-G-, 26 I. & N. Dec. at 238.
Victims of general extortion and domestic violence that is not unique to any family but rather that “affects all segments of the population” are nonetheless seizing upon the “particular social group” criterion in asylum applications. Matter of S-E-G-, 24 I. & N. Dec. 579, 587 (BIA 2008). The example of gang violence is illustrative. Petitioners are often not “exposed to more violence or human rights violations than other segments of society,” and “not in a substantially different situation from anyone who has crossed the gang, or who is perceived to be a threat to the gang’s interests.” Id. The BIA has previously explained that “victims of gang violence come from all segments of society, and it is difficult to conclude that any ‘group,’ as actually perceived by the criminal gangs, is much narrower than the general population.” Id. at 588; see Matter of M-E-V-G-, 26 I. & N. Dec. 227, 250 (BIA 2014) (“Against the backdrop' of widespread gang violence, affecting vast segments of the country’s population, the applicant in Matter of S-E-G- could not establish that he had been targeted on a protected basis. Although he was subjected to one of the many different criminal activities that the gang used to sustain its criminal enterprise, he did not demonstrate that he was more likely to be persecuted by the gang on account of a protected ground than was any other member of the society.” (citations omitted)). It is difficult to establish the necessary causation when so many persons outside the particular social group experience identical persecution for the same overarching reasons. The pervasive nature of the persecution threatened in these cases suggests that family membership is often not a central reason for the threats received, but rather is secondary to -a grander pattern of criminal extortion that pervades petitioners’ societies.
The- asylum statute is not a general hardship statute. It was not at all drafted in that way. It is crucial to remember that the statute is but one provision in a larger web of immigration laws designed to address individuals in many different circumstances. To expand that statute beyond its obviously intended focus is to distort the entire immigration framework. There is often no evidence .that “persecutors had any animus against the family or the [applicant] based on their biological ties, historical status, or other features unique to that family unit.” Matter of L-E-A-, 27 I. & N. Dec. at 47. Persecutors are seeking money, power, and control. Alleged persecution on account of. family membership, distressing though it may be, is often nothing more than a manifestation of the general extortion and gang violence that plagues El Salvador. I again do not attempt to minimize the magnitude of human suffering that these conditions cause. But to broaden the statutory grounds for relief from those conditions must by definition be a congressional rather than a judicial enterprise.